UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LUPIN ATLANTIS HOLDINGS SA, and LUPIN INC.<br><br>*Plaintiffs*,<br><br>vs.<br><br>XIAN-MING ZENG, TRANSPIRE BIO, INC., AXEL PERLWITZ, and WILLIAM SCHACHTNER,<br><br>*Defendants*. | Case No. 23-61621-CIV-MD |

**PLAINTIFFS' LUPIN ATLANTIS HOLDINGS SA AND LUPIN INC'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 2

II. LEGAL STANDARD .................................................................................................... 3

III. DEFENDANTS' UNCLEAN HANDS DEFENSE FAILS AS A MATTER OF
    LAW ............................................................................................................................... 4

IV. CONCLUSION .............................................................................................................. 7

Plaintiffs Lupin Atlantis Holdings SA and Lupin Inc. (collectively, "Lupin") move for summary judgment on Defendants Xian-Ming Zeng ("Zeng"), Transpire Bio, Inc. ("Transpire"), Axel Perlwitz ("Perlwitz") and William Schachtner ("Schachtner") (collectively, "Defendants") affirmative defense of unclean hands.

## I.     INTRODUCTION

Lupin brought this trade secret misappropriation and breach of contract case against Transpire and the former Lupin employees who founded it. That is because Defendants collectively perpetrated a massive theft of Lupin's valuable trade secrets and other confidential information. Lupin is a manufacturer of generic drugs, with a research facility in Coral Springs, Florida, focused specifically on developing generic inhalation drugs. Dr. Zeng used to run Lupin's Coral Springs facility, but left Lupin in late 2021. Unbeknownst to Lupin, Dr. Zeng downloaded and took with him thousands of Lupin confidential documents when he left Lupin. In early 2022, contrary to his stated intention to return to China, Dr. Zeng founded Transpire in Weston, Florida, 20 minutes down the street from Lupin's Coral Springs facility. Transpire, like Lupin, develops generic inhalation drugs. Dr. Zeng, who had signed a one-year non-solicitation agreement with Lupin, then recruited senior Lupin employees, including Defendant Perlwitz and Defendant Schachtner, from their leadership roles at Lupin to join him. These individuals, like Dr. Zeng, took Lupin confidential documents and information with them to Transpire. Defendants then recruited another individual from Lupin, facility supervisor, Thu Dao, who followed Transpire's leadership by downloading thousands of Lupin's confidential documents on his last day at Lupin, and took those documents with him to Transpire. Forensic information has revealed that these individuals accessed and used Lupin's confidential trade secret information to accelerate Transpire's development timeline for competing generic inhalation drugs. All told, Defendants stole thousands

2

of Lupin confidential documents, accessed and used those materials at Transpire to unlawfully compete with Lupin, and unlawfully solicited Lupin employees.

To distract from their own egregious misconduct, and faced with overwhelming evidence supporting Lupin's claims, each of the Defendants pleaded an affirmative defense of "unclean hands." At the core of this defense is Defendants' conclusory allegation in their answer that Lupin allegedly engaged in similar types of activity as Defendants, *i.e.,* by allegedly possessing and transmitting confidential information from another generic drug manufacturer. This defense fails as a matter of law because Defendants have the burden to prove their affirmative defense, yet they have failed to develop ***any*** factual evidence to support their allegation. Even if Defendants had a factual basis, their defense would still fail because (1) any alleged unclean hands conduct must be closely connected to the reason for the lawsuit, and (2) Defendants must show they were personally injured by the alleged unclean hands conduct. Defendants have no support for either. Defendants should not be permitted to shift the focus at trial from their misconduct to blaming Lupin based on a defense that is unsustainable as a matter of law. Accordingly, summary judgment is appropriate.

## II.     LEGAL STANDARD

**Summary Judgment:** A party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if under the governing substantive law it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A genuine dispute only exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Contentions based on 'mere speculation and conjecture' cannot defeat summary judgment." *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1351 (11th Cir. 2024), *cert. denied sub nom. Terrell v. McDonough*, 145 S. Ct. 273 (2024) (citing *Cincinnati Ins. Co. v. Metro. Props., Inc.*, 806 F.2d 1541, 1544 (11th Cir. 1986)). "A moving party discharges its burden on a

3

motion for summary judgment by 'showing' or 'pointing out' to the Court that there is an absence of evidence to support the non-moving party's case." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

**Affirmative Defenses**: "An affirmative defense is a defense which admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Meth Lab Cleanup, LLC v. Spaulding Decon*, LLC, No. 14 Civ. 3129, 2015 WL 4496193, at *7 (M.D. Fla. July 23, 2015). Defendants have the burden of proof on their affirmative defenses. *Singleton v. Dep't of Corr.*, 277 F. App'x 921, 923 (11th Cir. 2008) ("[T]he burden of establishing an affirmative defense lies on the defendant, not on the plaintiff as the district court seems to suggest.").

**Unclean Hands**: To assert an unclean hands defense in the Eleventh Circuit, Defendants must show that: (1) Lupin's alleged wrongdoing is directly related to the claim; and (2) Defendants were personally injured by the wrongdoing. *Bailey v. TitleMax of Georgia, Inc.*, 776 F.3d 797, 801–02 (11th Cir. 2015) (citing *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993)). "[C]ourts require the connection between the unclean-hands conduct and the matter in litigation to be very close." *Bowe v. Pub. Storage*, No. 14 Civ. 21559, 2015 WL 11233137, at *3 (S.D. Fla. June 26, 2015) (citing *Gastaldi v. Sunvest Resort Communities, LC*, No. 08 Civ. 62076, 2010 WL 457243, at *9 (S.D. Fla. Feb. 3, 2010)) (dismissing unclean hands defense on summary judgment where the "alleged 'misconduct' [was] not at all related to the claims asserted by Plaintiffs as it involve[d] a different transaction"); *see also Gastaldi v. Sunvest Resort Cmtys.*, LC, No. 08 Civ. 62076, 2010 WL 457243 at *9 (S.D. Fla. Feb. 3, 2010) ("It is, in essence, the reason for the lawsuit; the unclean-hands conduct must be closely connected to that.").

**III. DEFENDANTS' UNCLEAN HANDS DEFENSE FAILS AS A MATTER OF LAW**

No disputed material facts exist with regard to Defendants' unclean hands affirmative defense, and as a result, summary judgment is appropriate.

4

***First***, Defendants have no factual basis for their unclean hands affirmative defense. Lupin's Interrogatory No. 13 sought "the complete factual and legal basis for each affirmative defenses [Defendants] assert in this Case." Statement of Undisputed Material Facts ("SUMF"), ¶ 2. Tellingly, although Defendants raised an unclean hands defense in their answer, they did not mention their unclean hands defense at all in response to that interrogatory. *Id.* ¶¶ 1, 3. By failing to provide a basis for their defense in response to Lupin's interrogatory, Defendants are precluded from raising their unclean hands defense in this case. *Singleton v. Singleton*, No. 1:23 Civ. 5525, 2024 WL 4758811, at *3 (N.D. Ga. Nov. 8, 2024) (striking unclean hands and other defenses at summary judgment where defendant had "not presented any evidence or responded to interrogatories supporting these defenses"). Moreover, Defendants also failed to identify any opinions from their six experts that support their unclean hands defense, because they do not offer any such opinion. SUMF ¶ 3. The ***only*** possible basis for this defense appears in Defendants' answer, in which they briefly and conclusory allege that Lupin "exploit[ed] information Dr. Zeng acquired at" another company "to develop competing generic products like generic Proair." Dkt. 133 at 16, 17. Defendants, however, have disclosed no facts in the discovery process to substantiate a theory that seems to be that they were free to misappropriate Lupin's trade secrets because Dr. Zeng misappropriated Teva's trade secrets while at Lupin. This makes sense because, for Defendants to raise such a defense, Dr. Zeng would have to admit to committing trade secret misappropriation. It was Defendants' burden to develop facts during discovery that would support their allegation. Having failed to do so, Lupin is entitled to summary judgment on it. *Terrell.*, 98 F.4th at 1351 ("Contentions based on 'mere speculation and conjecture' cannot defeat summary judgment.").

5

***Second***, in addition to Defendants failing to disclose any evidence to support their defense, there is no "close connection" of the conduct mentioned in the answer and the allegations here. In trade secret cases such as this, courts consistently have held that an allegation that a plaintiff has engaged in allegedly similar conduct in the past is not sufficient to establish that the alleged misconduct has a close connection to the plaintiff's misappropriation claims; instead, Defendants must demonstrate that the alleged misconduct is related to the same transaction underlying Lupin's claims. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Stidham*, 658 F.2d 1098, 1102 (5th Cir. 1981) (noting that, in support of unclean hands defense, "testimony that [plaintiff] itself actively recruited experienced stockbrokers and that it was customary in the securities industry for stockholders to carry records with them from job to job" did not "involve the transaction at hand"); *MicroStrategy Inc. v. Bus. Objects, S.A.*, 331 F. Supp. 2d 396, 419 (E.D. Va. 2004) (where the defendant in a trade secret misappropriation case alleged "that the plaintiff [had] engaged in conduct similar to its own," the defendant did not adequately allege unclean hands because "[i]t is not enough to claim that the opposing party engaged in similar conduct at some point in the past"). To the extent that Defendants attempt to rely on the allegation mentioned in the answer that Dr. Zeng committing another trade secret misappropriation while at Lupin, it would not "involve the transaction at hand" because the misappropriation would have been of another company's trade secrets, not those asserted here. That is insufficient to support an unclean hands defense.

***Third***, the defense also fails because Defendants cannot show that they were personally injured by the alleged wrongdoing as required. *See Bailey*, 776 F.3d at 801–02; *see also Gastaldi*, 2010 WL 457243, at *9 (finding on summary judgment that "the doctrine of unclean hands" did not "bar[] the Plaintiff's claims" absent evidence that "Plaintiff's conduct in any way damaged or otherwise affected [Defendant]"). The alleged basis for Defendants' unclean hands defense is that

6

Dr. Zeng misappropriated another company's trade secrets for Lupin's benefit. They have not even purported to explain how they were personally injured by Dr. Zeng's prior alleged misappropriation. As that is a requirement of an unclean hands defense, Defendants inability to show they were personally injured by the purported prior acts is an independent basis to enter judgment on their defense. *Wyndham Vacation Ownership, Inc. v. Square One Dev. Grp., Inc.*, No. 20 Civ. 643, 2022 WL 21374382, at *3 (M.D. Fla. Feb. 2, 2022) (striking unclean hands defense because "[w]ithout factual allegations regarding how Defendants were personally injured by Plaintiffs' conduct, the Court finds that the sixth affirmative defense fails."); *Calloway*, 986 F.2d at 451 (finding unclean hands insufficient as a matter of law because "even if [Plaintiffs'] misrepresentation were directly related to her claim for wage discrimination, [Defendant] has failed to demonstrate that it was injured by the misrepresentation.").

## IV.   CONCLUSION

As Defendants have not disclosed any evidence to support their unclean hands defense, and the conclusory basis in their answer is legally insufficient, Lupin respectfully requests that the Court grant its motion for summary judgment and dismiss Defendants unclean hands defense. Moreover, the unclean hands doctrine is relevant at most as a defense to Lupin's claims for equitable relief, *i.e.* Lupin's request for an injunction. *See Regions Bank v. Old Jupiter*, LLC, No. 10 Civ. 80188, 2010 WL 5148467, at *6 (S.D. Fla. Dec. 13, 2010), *aff'd*, 449 F. App'x 818 (11th Cir. 2011) ("The unclean hands doctrine traditionally applies only to claims for equitable relief or in opposition to equitable defenses." (citing *Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 865 n. 26 (5th Cir. 1979) and *Scheiber v. Dolby Lab'us, Inc.*, 293 F.3d 1014, 1022 (7th Cir. 2002)). Thus, to the extent Defendants' unclean hands defense survives summary judgment, any purported evidence or argument regarding Dr. Zeng's alleged prior misappropriation should be heard at a bench trial, outside the presence of a jury.

Dated: March 11, 2025  /s/ *Peter Bartoszek*
Peter Bartoszek
Florida Bar No. 1015519
WICKER SMITH O'HARA MCCOY & FORD, P.A.
390 N. Orange Ave., Suite 1000
Orlando, FL 32801
(407) 843-3939
PBartoszek@wickersmith.com

*and*

Joshua L. Simmons, P.C. (admitted *pro hac vice*)
Maggie LaPoint (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Sharre Lotfollahi, P.C. (admitted *pro hac vice*)
Sarah Mikosz (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
(310) 552-4200

Greg Polins (admitted *pro hac vice*)
Dan Sinclair (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

Ashley Cade (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Ave., NW
Washington, DC 20004
(202) 389-3381

*Attorneys for Plaintiffs Lupin Atlantis Holdings SA and Lupin Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of March, 2025, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all counsel of record.

      */s/ Peter Bartoszek*
Peter Bartoszek
Florida Bar No. 1015519