# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

| | |
|---|---|
| LUPIN ATLANTIS HOLDINGS SA, a foreign corporation, and LUPIN INC., a Delaware Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> XIAN-MING ZENG, TRANSPIRE BIO, INC., AXEL PERLWITZ, and WILLIAM SCHACHTNER, <br><br> Defendants. | Case No.: 23-cv-61621-MD |

**DEFENDANTS' MOTION TO DISMISS COUNTS III, IV, AND VI FOR LACK OF SUBJECT MATTER JURISDICTION AND INCORPORATED MEMORANDUM OF LAW**

## INTRODUCTION

Defendants respectfully ask that the Court dismiss Counts III, IV, and VI of the First Amended Complaint for lack of subject matter jurisdiction under Rule 12(b)(1). The Court has federal question jurisdiction over Count I for alleged violation of the Defend Trade Secrets Act, and likely has supplemental jurisdiction over Count II for alleged violation of the Florida Uniform Trade Secrets Act because Count II involves precisely the same alleged conduct as Count I. However, the Court's subject matter jurisdiction does not extend to the remainder of Plaintiffs' state-law claims for alleged breach of contract and fiduciary duty. Contrary to Plaintiffs' claims in the FAC, there is no diversity jurisdiction because Plaintiff Lupin Inc. is headquartered in Florida and all defendants are Florida citizens. The case thus lacks the complete diversity of citizenship required for the Court to exercise diversity jurisdiction. As a result, subject matter jurisdiction over Counts III, IV, and VI is proper only if the Court may exercise supplemental jurisdiction over those claims. But none of those claims share a common nucleus of operative facts with Plaintiffs' DTSA claim. Plaintiffs have no choice but to admit as much: if their other state-law tort claims *did* share a common nucleus of operative facts with their trade secret claims, those state-law claims would be preempted by the FUTSA claim, which is based on the same facts as their DTSA claim. As a result, there is no supplemental jurisdiction and Counts III, IV, and VI should be dismissed.

## BACKGROUND

Plaintiffs originally asserted eight claims against the various Defendants. *See* D.E. 31 (First Amended Complaint or "FAC"). The Court dismissed Counts V, VII, and VIII, leaving five active claims. D.E. 121. Count I is against Dr. Zeng and Transpire for alleged violation of the Defend Trade Secrets Act ("DTSA"). FAC ¶¶ 106-14. Count I is the only claim in the FAC that is based on federal law. *See id.* ¶ 19. Count II is also against Dr. Zeng and Transpire and alleges violation of the Florida Uniform Trade Secrets Act ("FUTSA"). *Id.* ¶¶ 115-23. Counts I and II are both based on Plaintiffs' allegations that "Zeng and Transpire misappropriated Lupin Inc.'s Trade Secrets without the knowledge or consent of Lupin" and involve exactly the same alleged actions by the Defendants. *Id.* ¶ 109; *see also id.* ¶ 118.

Count III is against Dr. Zeng alone for alleged breach of contract. *Id.* ¶¶ 124-34. Count III alleges that Dr. Zeng breached an agreement with Plaintiff LAHSA "by directly and indirectly soliciting Lupin's employees" in alleged violation of a non-solicitation provision, by "retaining

[certain] external storage devices" allegedly containing "Lupin's confidential and proprietary information after his employment with Lupin ended and failing to return same to Lupin at the termination of his employment," and by purportedly "disclosing Lupin's confidential and proprietary information to Transpire." *Id.* ¶¶ 129-31. The allegations under Count III do not mention trade secrets in any way. *Id.* ¶¶ 124-34.

Count IV is also against Dr. Zeng alone, and alleges breach of fiduciary duty. *Id.* ¶¶ 135-40. Count IV relies on Plaintiffs' allegations that Dr. Zeng "fail[ed] to disclose [a] corporate opportunity" when he worked at Lupin, and "eventually "usurp[ed] that opportunity for himself." *Id.* ¶ 137. Plaintiffs also contend that Dr. Zeng "breached his fiduciary duty . . . by . . . soliciting Lupin (and its affiliates) employees." *Id.* ¶ 138. Count IV also says nothing about trade secrets in any way. *Id.* ¶¶ 135-40. Plaintiffs have not offered any theory or evidence regarding damages, either in their Rule 26 disclosures or from their damages expert, related to Count IV. D.E. 213, Ex. 44 (1/15/2025 Plaintiffs' Third Amended Initial Disclosures); D.E. 197, Ex. 11 (Hall Rep.).

Finally, Count VI is against Dr. Perlwitz and Mr. Schachtner for alleged breach of fiduciary duty. *Id.* ¶¶ 148-54. Plaintiffs claim that Dr. Perlwitz and Mr. Schachtner breached fiduciary duties they allegedly owed to Lupin Inc. by "co-founding a competing business while employed by Lupin" and by "facilitating Zeng's misappropriation of Lupin's confidential information and trade secrets and Transpire's use of same." *Id.* ¶¶ 151-52. Plaintiffs have since specified that Count VI "**is not premised on the theft of [their] trade secrets**." D.E. 227 at 7 (emphasis added). Plaintiffs also offer no damages theories or evidence related to Count VI. D.E. 213, Ex. 44 (1/15/2025 Third Amended Initial Disclosures); D.E. 197, Ex. 11 (Hall Rep.).

Parties on both sides of the "v" in this case are Florida residents. Plaintiff Lupin Inc. states in the FAC that it is "a Delaware Corporation," FAC ¶ 14, but does not mention that its principal place of business has been in Naples, Florida since at least February 25, 2023. Ex. 1 (Lupin Inc. Sunbiz filing).[1] The original complaint in this case was filed on August 22, 2023—nearly six months after Naples became Lupin Inc.'s principal place of business. *Id.* As Lupin claimed in its FAC, at the time of filing, Defendants were all Florida residents: Dr. Zeng, Dr. Perlwitz, and Mr.

---

[1] Exhibit 1 lists the name "Lupin Research Inc." The Sunbiz website makes clear that Lupin Inc. is the cross reference name of Lupin Research Inc. *See* Ex. 2. Exhibit 1 thus shows that Lupin Inc. has its principal place of business in Naples, Florida.

2

Schachtner all resided in Broward County, and Transpire is a Florida corporation.[2]  FAC ¶¶ 15-18.  The only party that was not a Florida resident is Plaintiff LAHSA, which is a foreign company.  *Id.* ¶ 13.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Lack of subject matter jurisdiction requires dismissal.  Fed. R. Civ. P. 12(b)(1).  A federal district court has federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  It has diversity jurisdiction over cases that have an amount in controversy exceeding $75,000 and are, as relevant here, "between [] citizens of different states."  28 U.S.C. § 1332(a).  "[D]iversity of citizenship is assessed at the time the action is filed."  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991).

Where federal jurisdiction is not otherwise available, a federal court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  That standard is met, and supplemental jurisdiction is proper, only where "the claims asserted 'derive from a common nucleus of operative fact.'"  *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

Subject matter jurisdiction "involves the court's power to hear a case" and thus "can never be forfeited or waived."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (internal quotation marks and citation omitted).  Rather, "[i]f the court determines *at any time* that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).  The party seeking to invoke a federal court's jurisdiction "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

## ARGUMENT

Defendants do not dispute the Court's subject matter jurisdiction over Counts I (which arises under the DTSA, a federal law) or II (which arises under the FUTSA but likely shares a

---

[2]  At the time of filing, Mr. Schachtner was a Florida resident; he has since relocated to Wisconsin.  Transpire, Dr. Zeng, and Dr. Perlwitz all remain Florida residents.

common nucleus of operative fact with the DTSA claim). However, Defendants respectfully submit that the Court lacks diversity jurisdiction over this action, and therefore this Court can exercise subject matter jurisdiction over Plaintiffs' state-law claims only if supplemental jurisdiction is proper. Because the state-law claims do not share a common nucleus of operative fact with Plaintiffs' trade secret claims, Defendants further submit that there is no supplemental jurisdiction, and the Court lacks subject matter jurisdiction to hear Counts III, IV, and VI.

I.  **THE COURT LACKS DIVERSITY JURISDICTION OVER THIS CASE**

Section 1332 requires ***complete*** diversity among plaintiffs and defendants, meaning every plaintiff must be diverse from every defendant. *See J.C. Penney Corp., Inc. v. Oxford Mall, LLC*, 100 F.4th 1340, 1344 (11th Cir. 2024). In other words, "no plaintiff may be a citizen of the same state as any defendant" without destroying diversity and depriving the Court of jurisdiction. *Vaka v. Embraer-Empresa Brasiliera De Aeronautica, S.A.*, 303 F. Supp. 2d 1333, 1334 (S.D. Fla. 2003).

Here, a Plaintiff—Lupin Inc.—is a resident of the same state as ***every*** Defendant. Lupin pleads, and Defendants agree, that Transpire is a Florida corporation and the three individual defendants were all Florida residents at the time the FAC was filed. FAC ¶¶ 15-18. Lupin Inc. is also a Florida citizen. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is "the place where [its] officers direct, control, and coordinate [its] activities," which in practice is usually "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Here, Plaintiff Lupin Inc.'s filings with the Florida Secretary of State's office state that it has its principal place of business in Naples, Florida.[3] Ex. 1. Lupin has maintained its principal place of business in Naples since at least February 25, 2023 (*id.*)—six months before filing the original complaint in August 2023, the time at which citizenship is determined. *Freeport-McMoRan, Inc.*, 498 U.S. at 428.

Plaintiffs are fully aware that Lupin Inc. having its principal place of business in Florida is

---

[3] Where, as here, a defendant launches a factual attack on subject matter jurisdiction, "matters outside the pleadings . . . are considered" and "no presumptive truthfulness attaches to [a] plaintiff's allegations." *BIG League Ventures, LLC v. Certain Underwriters at Lloyd's, London*, 474 F. Supp. 3d 1279, 1281 (S.D. Fla. 2020) (internal quotation marks and citations omitted).

fatal to diversity jurisdiction. The parties negotiated the Joint Pre-Trial Stipulation, which was filed May 19. D.E. 294. Plaintiffs originally proposed a stipulation that "Plaintiff Lupin Inc. is a Delaware Corporation headquartered in Naples, Florida." As discussed above, the FAC did not specify where Lupin Inc. is headquartered.[4] FAC ¶ 14. When Defendants' counsel pointed out that Lupin Inc. being headquartered in Florida destroys diversity, Plaintiffs promptly made the following edit to their own language, such that it no longer appears in the pre-trial stipulation that was filed with this Court:[5]

> ▲ V. **UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL**
>
> This is a concise statement of uncontested facts that do not need to be separately proven at trial. The parties may, during trial, present these facts for purposes of background and context, and all objections to such presentation are preserved.
>
> 1. Plaintiff Lupin Inc. is a Delaware corporation ~~headquartered in Naples, Florida~~.
>
> 2. Plaintiff Lupin Atlantis Holdings SA is a foreign corporation.
>
> 3. Defendant Transpire Bio, Inc. is a Florida corporation headquartered in Weston, Florida.

There is no explanation for this sudden deletion except the obvious one: Plaintiffs know that Lupin Inc. is a citizen of Florida for diversity purposes, and that fact destroys the complete diversity required by Section 1332.

Importantly, the diversity analysis is case-by-case, not claim-by-claim. "In a case with

---

[4] In the FAC, Plaintiffs allege Lupin Inc. is "a Delaware Corporation" but fail to allege Lupin Inc.'s principal place of business. FAC ¶ 14. Courts have found failure to plead both constitutes failure to plead citizenship. *See Worldwide Distrib's., Inc. v. Maven Med, Inc.*, 2023 WL 4303847, at *4-*5 (S.D. Fla. June 15, 2023), *report and recommendation adopted*, 2023 WL 4295421 (June 30, 2023) (finding "citizenship of the parties has not been adequately pled" where "[t]he Complaint alleges that Plaintiff is a Florida corporation and that Defendant is a California corporation" but "does not allege the principal places of business for both Plaintiff and Defendant"); *Landstar Sys., Inc. v. Ohio Casualty Ins. Co.*, 2019 WL 4918155, at *2 (M.D. Fla. Oct. 4, 2019) (finding "[p]laintiff's allegations as to its citizenship are insufficient" where it did not allege facts "identifying any State in 'which it has been incorporated and. [sic] the State where it has its principal place of business'") (quoting *Hertz Corp.*, 559 U.S. at 80)).

[5] Defendants would prefer not to clog the Court's docket by attaching as exhibits numerous back-and-forth emails between counsel and the attached draft stipulations. Should Plaintiffs dispute Defendants' recounting of events, or should the Court request, Defendants will provide the underlying emails and drafts.

5

multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Serv's, Inc.*, 545 U.S. 546, 553 (2005). Thus, there is no need to analyze diversity jurisdiction for any of the specific claims at issue. There is "a single plaintiff from the same State as" *every* defendant, and this Court thus lacks diversity jurisdiction over the entire action. *Id.*

## II.   NO SUPPLEMENTAL JURISDICTION EXISTS AS TO COUNTS III, IV, OR VI

Because there is no diversity jurisdiction, the Court could exercise subject matter jurisdiction over Counts III, IV, and VI only if supplemental jurisdiction as to those counts were proper. It is not.

### A.   There Is No Common Nucleus Of Operative Fact

"Section 1367(a) gives federal courts the power to exercise supplemental jurisdiction over all claims that arise out of a common nucleus of operative fact with a substantial federal claim." *Upper Chattahoochee Riverkeeper Fund, Inc.*, 701 F.3d at 678 (internal quotation marks and citation omitted). Courts analyzing supplemental jurisdiction "take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Id.* at 679. Federal courts routinely dismiss state law claims when not based on the same nucleus of operative facts as a federal DTSA claim. For example, in *West Shore Home, LLC v. Graeser*, 661 F. Supp. 3d 356 (M.D. Pa. 2023), the Court undisputedly had federal question jurisdiction over the DTSA claim, but dismissed a state law claim for breach of a non-solicitation agreement in a contract because the *gravamen* of the plaintiff's case was alleged trade secret misappropriation having no meaningful connection to the non-solicit provision at issue. *Id.* at 365, 377-78; *see also Supastrip Inc. v. Hindustan Adhesives Ltd.*, 2025 WL 938623, at *3-*5 (E.D. Va. Mar. 27, 2025) (declining to exercise supplemental jurisdiction over breach of contract claim because the complaint failed to tie that claim to the DTSA and Lanham Act claims in the case); *Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, 2020 WL 11772529, at *3-*4 (N.D. Tex. Mar. 20, 2020) (dismissing tortious interference with contract claim, in a case with a DTSA claim, because "a review of the elements required to prove these two claims do not appear to depend on common facts").

Here, just as in those cases, the nucleus of alleged facts forming the basis of Plaintiffs' federal DTSA claim is simply not the same set of alleged facts underlying their state law claims.

6

Plaintiffs' DTSA claim is based on the allegations that:

- "Lupin Inc. possesses Trade Secrets" relating to its generic inhalable drug development business (FAC ¶ 107);
- "Lupin Inc. has made reasonable efforts under the circumstances to maintain the secrecy of such confidential and proprietary information and Trade Secrets by taking steps to protect it" (*id.* ¶ 108);
- "Zeng and Transpire misappropriated Lupin Inc.'s Trade Secrets without the knowledge or consent of Lupin and with the purpose of utilizing them for [their] own benefit and to gain an unfair competitive edge against Lupin Inc." (*id.* ¶ 109);
- "Zeng and Transpire knew that Lupin Inc.'s Trade Secrets were the property of Lupin and that such property constituted confidential Trade Secrets" (*id.* ¶ 110);
- "Zeng utilized Lupin Inc.'s Trade Secrets for personal gain and/or for the benefit of Transpire" (*id.* ¶ 111); and
- "Zeng and Transpire have been unjustly enriched" by the alleged misappropriation (*id.* ¶ 112).

In sum, the factual and legal issues underlying Count I are (1) whether Lupin Inc. owned protectable trade secrets, (2) if so, whether Dr. Zeng and Transpire misappropriated them, and (3) if so, what damages are owed to Lupin Inc.

Those questions have virtually nothing to do with Counts III, IV, and VI. Count III, for alleged breach of contract by Dr. Zeng, will turn on whether (1) Dr. Zeng "is party to an enforceable Agreement with LAHSA"—which is not a party to Counts I or II—that "prohibited [him] from" soliciting former Lupin employees for a period of time and required him to keep Lupin's information confidential and "to return all Lupin property in his possession" when leaving the company, and (2) whether he breached that agreement by allegedly soliciting Lupin employees, or failing to return or disclosing Lupin confidential information. *Id.* ¶¶ 125-31. Notably, Count III does not even mention the term "trade secrets," and because LAHSA is not a party to Count I and Lupin Inc. is not a party to Count III, the confidential information referenced in Count III must necessarily be different information than the alleged Trade Secrets referenced in Count I. They are allegedly owned by separate entities that are incorporated in entirely different countries (the U.S. for Lupin Inc. and Switzerland for LAHSA). As a result, the legal and factual issues underlying Count I and Count III are almost totally unrelated. Plaintiffs' opposition to Dr. Zeng's

7

motion for summary judgment on Count III further confirms as much, acknowledging that the basis of their breach of contract claim is Dr. Zeng's alleged solicitation of Lupin's employees in violation of his LAHSA employment contract's non-solicitation agreement. D.E. 229 at 16. Indeed, Plaintiffs have described their breach of contract claim as a claim for "Zeng's breach of his non-solicitation obligations." *Id.* Plaintiffs have thus all but admitted that Count III for breach of contract does ***not*** turn on the same alleged facts underlying its trade secret claims. Supplemental jurisdiction is improper as to Count III.

Count IV, for alleged breach of fiduciary duty against Dr. Zeng, is similarly divorced from the allegations in Counts I and II. Count IV also does not mention "trade secrets" in any way, instead accusing Dr. Zeng of "failing to disclose [a] corporate opportunity" to Lupin, and "eventually usurping that opportunity for himself." FAC ¶ 137. That has nothing to do with trade secret misappropriation, and again Plaintiffs' summary judgment opposition all but admits this: Plaintiffs acknowledge that, to make out their breach of fiduciary duty claim against Dr. Zeng, they must show "(1) there was a business opportunity, (2) that the corporation [was] financially capable of undertaking, and (3) this opportunity fit into the present activities of the corporation or into an established corporate policy that acquisition of the opportunity would forward." D.E. 229 at 18 (quoting *Summerland Key Cove Park, LLC v. Murphy*, 321 So. 3d 888, 894 (Fla. 3d DCA 2021)). None of that has any relevant factual overlap with the questions underlying Plaintiffs' DTSA claim.

Count VI, for alleged breach of fiduciary duty against Dr. Perlwitz and Mr. Schachtner, is even more straightforward. Indeed, Plaintiffs have <u>admitted</u> that their "breach of fiduciary duty claim" against Dr. Perlwitz and Mr. Schachtner "is not premised on the theft of [their] trade secrets." D.E. 227 at 7. Plaintiffs are right to admit that: the basis of their claim against Dr. Perlwitz and Mr. Schachtner is that they allegedly "co-found[ed] a competing business while employed by Lupin."[6] FAC ¶ 151. That has nothing to do with alleged misappropriation of trade secrets. Moreover, Count IV is the only count in which Dr. Perlwitz and Mr. Schachtner are named as defendants, further demonstrating that it involves distinct issues of both fact and law.

---

[6] Plaintiffs also pled that Dr. Perlwitz and Mr. Schachtner breached their fiduciary duties by "facilitating Zeng's misappropriation of Lupin's confidential information and trade secrets and Transpire's use of same." FAC ¶ 152. But again, they have since expressly admitted that Count VI "is not premised on" that alleged misappropriation. D.E. 227 at 7.

Consequently, none of Counts III, IV, and VI share a nucleus of operative fact with Plaintiffs' federal DTSA claim. Given that lack of a common nucleus of operative facts, supplemental jurisdiction is improper. *See West Shore Home, LLC*, 661 F. Supp. at 378; *see also Kinsey v. King*, 257 F. App'x 136, 139 (11th Cir. 2007) (dismissing state law legal malpractice claims because they did not share a common nucleus of operative fact with federal claims in the case); *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455-56 (11th Cir. 1996) (dismissing state breach of contract claims that did not share a common nucleus of operative fact with ERISA claim); *Upper Chattahoochee Riverkeeper Fund, Inc.*, 701 F.3d at 679-80 (dismissing state law claims that did not share a common nucleus of operative fact with federal Clean Water Act claim). The same result is proper here: as discussed in detail above (*supra* at 6-9), the allegations relating to Counts III, IV, and VI "[i]n no way . . . derive from the common nucleus of operative facts comprising" Plaintiffs' DTSA claim. *West Shore Home, LLC*, 661 F. Supp. at 378. "If anything, they are the factual nucleus of a different atom." *Id.*

B.  **If a Common Nucleus of Fact Existed, Counts IV and VI Would Be Preempted**

As noted above, Plaintiffs have effectively admitted that Count IV and Count VI are based on different facts than Counts I and II, which are based on the same facts involving alleged trade secret misappropriation. Plaintiffs had no choice but to do so. If Plaintiffs' breach of fiduciary duty claims are based on the same or similar facts as their FUTSA claim (Count II), their fiduciary duty claims would be preempted because "other torts involving the same underlying factual allegations as a claim for trade secret misappropriation [are] preempted by FUTSA." *New Lenox Indus., Inc. v. Fenton*, 510 F. Supp. 2d 893, 908 (M.D. Fla. 2007). Defendants explained this in moving to dismiss Count VI (D.E. 39) and Plaintiffs have no way to avoid the resulting dilemma: to avoid preemption, Plaintiffs ***must*** contend that Counts IV and VI are based on different facts than Counts I and II—meaning supplemental jurisdiction over Counts IV and VI is improper.

Because as discussed above there is neither diversity jurisdiction in this case nor supplemental jurisdiction over Counts III, IV, and VI, those counts should be dismissed for lack of subject matter jurisdiction.

## **CONCLUSION**

Defendants respectfully ask that the Court dismiss Counts III, IV, and VI of the FAC for lack of subject matter jurisdiction.

9

## **LOCAL RULE 7.1(b) REQUEST FOR HEARING**

The undersigned respectfully requests a hearing to be held on this Motion because a hearing would assist the Court in evaluating Defendants' arguments and the applicable law. Although a motion to dismiss can frequently be decided on the papers, oral argument by the parties will concisely present the parties' positions. Given the nature of Defendants' arguments, Defendants request a total of forty-five minutes for the hearing.

| | |
|---|---|
| Dated: May 20, 2025 | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |

*/s/   Samuel G. Williamson*
Samuel G. Williamson, Fla. Bar No. 1033817
samwilliamson@quinnemanuel.com
Olga M. Vieira, Fla. Bar No. 29783
olgavieira@quinnemanuel.com
Shalia M. Sakona, Fla. Bar No. 107398
shaliasakona@quinnemanuel.com
Olivia A. Barket Yeffet, Fla. Bar No. 1026382
oliviayeffet@quinnemanuel.com
David M. Walsh, Fla. Bar No. 1048823
davidwalsh@quinnemanuel.com
2601 South Bayshore Drive, Suite 1550
Miami, Florida 33133
(305) 402-4880

Jared Newton (admitted *pro hac vice*)
jarednewton@quinnemanuel.com
1300 I Street NW, Suite 900
Washington, DC 20005

Nima Hefazi (admitted *pro hac vice*)
nimahefazi@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Andrew G. Shifren (admitted *pro hac vice*)
andrewshifren@quinnemanuel.com
295 5th Avenue, 9th Floor
New York, New York 10016
(212) 849-7181

Jocelyn Ma (admitted *pro hac vice*)
jocelynma@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

 I hereby certify that a true and correct copy of the foregoing document is being filed on May 20, 2025, and served on all counsel of record on the Service List attached via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ *Samuel G. Williamson*
Samuel G. Williamson, Fla. Bar No. 1033817
samwilliamson@quinnemanuel.com

## **RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERRAL**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that Shalia Sakona, counsel for Defendants, telephonically conferred with Greg Polins and Miranda Means, counsel for Plaintiffs, on May 19, 2025, concerning these issues. The parties were unable to resolve these issues, despite their good faith efforts.

/s/   *Samuel G. Williamson*
Samuel G. Williamson, Fla. Bar No. 1033817
samwilliamson@quinnemanuel.com