UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61621-CIV-DAMIAN/Reid

**LUPIN ATLANTIS HOLDINGS SA**, *et al.*,

    Plaintiffs,

v.

**XIAN-MING ZENG**, *et al.*,

    Defendants.
_____/

### ORDER DENYING DEFENDANTS'
### MOTION TO DISMISS COUNTS III, IV, AND VI FOR
### LACK OF SUBJECT MATTER JURISDICTION [ECF NO. 295]

**THIS CAUSE** is before the Court upon Defendants, Xian-Ming Zeng, Transpire Bio, Inc., Axel Perlwitz, and William Schachtner's (collectively, "Defendants"), Motion to Dismiss Counts III, IV, and VI for Lack of Subject Matter Jurisdiction [ECF No. 295] ("Motion"), filed May 20, 2025.

THE COURT has reviewed the Motion, the parties' briefing [ECF No. 309 and 311], the pertinent portions of the record, and the relevant authorities and is otherwise fully advised. The Court also heard argument from the parties, who appeared before the undersigned, through counsel, at a Motion Hearing on June 6, 2025. For the reasons set forth below, and as further detailed on the record at the hearing, the Motion is denied.

### I. BACKGROUND

On August 22, 2023, Plaintiffs, Lupin Atlantis Holdings SA ("LAHSA") and Lupin, Inc., filed a Complaint against Defendants for misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, misappropriation of trade secrets

under the Florida Uniform Trade Secrets Act ("FUTSA"), §§ 688.001–688.009, Fla. Stat., conversion, breach of contract, breach of fiduciary duty, and conspiracy. [ECF No. 1]. In the Complaint, Plaintiffs alleged that the Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because this action raises claims under the DTSA, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same operative facts as the federal claim. *Id.* ¶ 17. Plaintiffs also alleged that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. *Id.* ¶ 18. As alleged in the Complaint, Plaintiff LAHSA is a foreign company and Plaintiff Lupin, Inc., is "a Delaware Corporation." *Id.* ¶¶ 11–12. Also according to the allegations in the Complaint, Defendants Zeng, Perlwitz, and Schachtner are all citizens of Florida, and Defendant Transpire is a Florida corporation. *Id.* ¶¶ 15–18.

Plaintiffs filed a First Amended Complaint, the operative pleading, on January 12, 2024. [ECF No. 31]. In the Amended Complaint, Plaintiffs assert the same jurisdictional allegations as in the original Complaint. *See id.* ¶¶ 19–20, 13–18. In the Amended Complaint, Plaintiffs assert eight claims: misappropriation of trade secrets under the DTSA and FUTSA against Zeng and Transpire (Counts I and II); breach of contract and breach of fiduciary duty against Zeng (Counts III and IV); civil conspiracy against all Defendants (Count V); breach of fiduciary duty and aiding and abetting breach of contract against Perlwitz and Schachtner (Counts VI and VII); and tortious interference with contractual relationship against Transpire, Perlwitz, and Schachtner (Count VIII). Id. ¶¶ 106–67.

On February 9, 2024, Defendants filed a Motion to Dismiss the First Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 39].

Following a hearing, on October 15, 2024, this Court granted in part and denied in part Defendants' Motion to Dismiss and dismissed the conspiracy, aiding and abetting, and tortious interference with contractual relationship claims. [ECF No. 121]. Defendants filed an Answer and Affirmative Defenses as to the remaining claims on November 12, 2024. [ECF No. 133]. Since then, the parties have engaged in extensive discovery, dispositive motion practice, and pre-trial preparation. *See generally* Docket.

On May 20, 2025, Defendants filed the Motion to Dismiss now before the Court seeking dismissal of the breach of contract and breach of fiduciary duty claims against Zeng[1] for lack of subject matter jurisdiction. [ECF No. 295]. Lupin filed an Opposition to the Motion on June 3, 2025 [ECF No. 309], and Defendants filed a Reply on June 5, 2025. [ECF No. 311]. The Motion to Dismiss is fully briefed and ripe for adjudication, and the Court has had the benefit of oral argument from counsel.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court "can only hear cases that involve federal questions or that meet the requirements for diversity jurisdiction." *Harrell v. Bank of America, N.A.*, 813 F. App'x 397, 399 (11th Cir. 2020). A federal district court has federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction is satisfied "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the litigants are "citizens of

---

[1] As noted in Defendants' Reply, and as discussed at the Motion Hearing, this Court granted summary judgment in favor of Defendants on Count VI, the breach of fiduciary duty claim against Perlwitz and Schachtner. *See* ECF No. 297. The undersigned nonetheless has also considered Defendants' argument for dismissal of Count VI as it pertains to this Court's subject matter jurisdiction.

different States." 28 U.S.C. § 1332(a)(1). A federal court has supplemental jurisdiction over a plaintiff's state law claims when they "form part of the same case or controversy" as the plaintiff's federal claims. *Id.* § 1367(a).

Subject matter jurisdiction "involves the court's power to hear a case," and thus, "can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (internal quotation marks and citation omitted). Rather, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). The party seeking to invoke a federal court's jurisdiction "bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

### III.  ANALYSIS

Defendants argue that Counts III, IV, and VI (the non-trade secrets, state-law claims) in the First Amended Complaint should be dismissed for lack of subject matter jurisdiction because there is neither diversity jurisdiction nor supplemental jurisdiction over these claims.[2] According to Defendants, there is no diversity jurisdiction because Plaintiff Lupin, Inc. is headquartered in Florida and all Defendants are Florida citizens. Defendants further argue there is no supplemental jurisdiction because none of the state law claims share a common nucleus of operative facts with Plaintiffs' sole federal claim under the DTSA. The Court addresses each ground for dismissal and the parties' arguments as to each below.

---

[2] Defendants do not dispute the Court's jurisdiction over Count I (DTSA claim) and Count II (FUTSA claim). *See* Mot. at 4–5.

4

### A. *Diversity Jurisdiction.*

Diversity jurisdiction is satisfied "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the litigants are "citizens of different States." 28 U.S.C. § 1332(a)(1). In other words, there is complete diversity where "no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). Relevant here, a corporation's citizenship derives from its state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1). "[D]iversity of citizenship is assessed at the time the action is filed . . . [and] if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (citations omitted).

Defendants argue that the parties on both sides of the "v" in this case are Florida residents. Defendants point out that, in the First Amended Complaint, Plaintiffs allege Lupin, Inc. is a "Delaware Corporation" but fail to allege Lupin, Inc.'s principal place of business. Mot. at 6, n.4. According to Defendants, Lupin, Inc.'s principal place of business has been in Naples, Florida since at least February 25, 2023—approximately six months before the original Complaint in this case was filed. Mot. at 3. Defendants point to filings with the Florida Secretary of State to show that Lupin, Inc. has been headquartered in Naples, Florida since the filing of this action. *See id.* at 5; [ECF No. 295-1].

Plaintiffs maintain that this Court has diversity jurisdiction over this case. Resp. at 17. According to Plaintiffs, at the time this case was filed in August 2023, Lupin, Inc. was incorporated in Delaware and its principal place of business was in Maryland. *Id.* at 18. Plaintiffs state that although Lupin, Inc. changed its principal place of business to Florida, that did not occur until 2024, after the instant lawsuit was filed, and, thus, there was complete

5

diversity between the parties at the time of filing the lawsuit. *Id.* Plaintiffs attach to their Response a Form 8822-B Change of Address submitted to the Internal Revenue Service in February 2024, which indicates that Lupin, Inc. had changed its principal place of business to Florida. [ECF No. 308-1].

At the Motion Hearing on June 6, 2025, Plaintiffs presented Lupin, Inc.'s General Counsel, Thomas Ghignone, who testified under oath that Lupin, Inc. changed its principal place of business in February 2024. Specifically, Mr. Ghignone stated that he could not recall the exact date of the change but that Lupin, Inc. changed its principal place of business in February 2024.

This Court is satisfied that Plaintiffs have adequately pled the bases for diversity jurisdiction. The parties do not dispute the jurisdictional amount is satisfied. In addition, the testimony of Mr. Ghignone, which this Court finds credible, aided in clarifying that the principal place of business of Lupin, Inc., as of the filing of this action, was *not* in Florida, and, therefore, complete diversity of citizenship existed at the time Plaintiffs initiated this action. "Because diversity of citizenship must exist at the time an action is filed in order to be proper and events occurring after the filing of an action cannot create or destroy diversity jurisdiction," this Court is satisfied that diversity jurisdiction exists and, therefore, that it has subject-matter jurisdiction over all of Plaintiffs' claims. *Chevaldina v. Katz*, 787 F. App'x 651, 653 (11th Cir. 2019) (citations omitted).

As further discussed below, even if there was no diversity jurisdiction at the time of filing this action, this Court nonetheless finds that it can still exercise supplemental jurisdiction over the state law claims.

### B. *Supplemental Jurisdiction*

"The doctrine of supplemental jurisdiction—sometimes referred to as 'pendent jurisdiction'—permits 'federal courts to decide certain state-law claims involved in cases raising federal questions' when doing so would promote judicial economy and procedural convenience. *Ameritox, Ltd. v. Millennium Lab'ys, Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (citation omitted). Supplemental jurisdiction allows a federal court to hear and decide state law claims along with federal law claims when they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

The "case or controversy" standard confers supplemental jurisdiction over all state claims which arise out of a "common nucleus of operative fact with a substantial federal claim." *Lucero v. Trosch*, 121 F.3d 591 (11th Cir. 1997). Determining whether the Court has supplemental jurisdiction over state law claims "entails a two-step inquiry where the Court must first determine whether it can exercise its supplemental jurisdiction and then whether it *should* exercise that jurisdiction." *Woodard v. Town of Oakman, Ala.,* 970 F. Supp. 2d 1259, 1275 (N.D. Ala. 2013) (citing *Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta,* 701 F.3d 669, 679 n.7 (11th Cir. 2012) (emphasis added)).

The test for exercising supplemental jurisdiction "is whether the claims asserted 'derive from a common nucleus of operative fact.' We take the nucleus of facts on which the federal question claims are based and compare it to the nucleus of facts on which the state law claims are based." *Upper Chattahoochee Riverkeeper Fund, Inc.*, 701 F.3d at 679 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) ("In deciding whether a state law claim is part of the same case

or controversy as a federal issue, we look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence.").

### 1. Whether The Court Can Exercise Supplemental Jurisdiction.

Defendants argue that the state law claims are not related to Plaintiffs' federal claim for misappropriation of trade secrets under the DTSA and, therefore, supplemental jurisdiction over those claims is improper. Specifically, Defendants contend that "the nucleus of alleged facts forming the basis of Plaintiffs' federal DTSA claim is simply not the same set of alleged facts underlying their state law claims." Mot. at 7.

In their Response, Plaintiffs argue that similar occurrences, witnesses, and evidence underly both the federal claim and the state law claims. Resp. at 7. According to Plaintiffs, the facts giving rise to this lawsuit stem from Zeng's communications with Smoore while Zeng was working with Lupin, which triggered a chain of events that culminated in the creation of Transpire. *Id.* Plaintiffs further allege that after Zeng founded Transpire, he improperly recruited Lupin employees to join him, and these former Lupin employees continued Zeng's pattern of misappropriating Lupin's confidential and trade secret information. *See id.* 8–10. Put simply, Plaintiffs argue "the circumstances before and after Zeng's departure from Lupin constitute the set of 'operative facts' from which all claims arise." *Id.* at 13.

As noted above, and as recognized by both parties, this Court has original jurisdiction over Count I in the First Amended Complaint because it includes a federal claim under the DTSA. Upon a review of the First Amended Complaint, it is evident that all of Plaintiffs' claims arise from the same common facts regarding the employment relationship between Zeng and Lupin and the fallout that occurred after Zeng departed Lupin to create Transpire.

This Court agrees with Plaintiffs that the state and federal claims share overlapping "facts, occurrences, witnesses, [and] evidence." *Hudson*, 90 F.3d at 455.

This Court finds that it has supplemental jurisdiction over the state law claims in the First Amended Complaint under 28 U.S.C. § 1367 because they "arise from the same . . . events" as those alleged in Plaintiffs' federal claim and "will involve the same witnesses, presentation of the same evidence, and determination of the same, or very similar, facts." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1563-64 (11th Cir. 1994). Therefore, this Court can exercise supplemental jurisdiction over the state law claims. Accordingly, this Court next considers whether it *should* exercise its supplemental jurisdiction over the state law claims in this case.

### 2. Whether The Court Should Exercise Supplemental Jurisdiction.

Under § 1367(c), this Court has discretion not to exercise supplemental jurisdiction in four situations. These include when: "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* "Any one of the § 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

Additional factors a court should consider in deciding whether it should exercise supplemental jurisdiction are judicial economy, convenience, fairness, and comity. *Ameritox*, 803 F.3d at 532; *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). "Both comity and economy are served when issues of state law are resolved by state courts." *Rowe*,

9

279 F.3d at 1288. Ultimately, however, whether to dismiss or to retain jurisdiction over supplemental claims, provided there is a basis in § 1367(c) for doing so, is a decision within the court's discretion. *McDuffie v. Broward Cnty., Fla.*, 654 F. App'x 408, 409 (11th Cir. 2016).

Defendants primarily argue that Plaintiffs' state law claims require different elements of proof and ask the Court to decline to exercise supplemental jurisdiction over those claims. *See* Mot. at 7–10. Defendants, however, do not indicate which of the four situations discussed above are implicated by their argument, and they cite no similar case in which a court declined to exercise supplemental jurisdiction on the basis that the state law claims require different or additional forms of proof from the federal claim where both sets of claims arise from the same common nucleus of operative facts. Notably, Defendants do not argue that the state law claims in this case implicate novel or complex issues of state law nor that the state law claims substantially predominate over the federal claim.

In addition, the Court finds the cases upon which Defendants rely are unavailing. For example, in *West Short Home, LLC v. Gaeser*, 661 F. Supp. 3d 356 (M.D. Pa. 2023), the district court found jurisdiction over a standalone breach of contract claim was lacking because that claim was asserted against "a peripheral defendant with no relation to the principal action," in which the plaintiff alleged misappropriation of its trade secrets against two other defendants. In a footnote, the district court noted there were no allegations that this particular "peripheral defendant" had breached his employment agreement by retaining trade secrets and that the plaintiff conceded there were no such allegations of misappropriation of trade secrets against him. *See id.* at 377, n.2. Here, all of the remaining claims in Plaintiffs' First Amended Complaint revolve around Zeng's actions during and after his employment at Lupin. Most importantly, the remaining state law claims (Counts III and IV) are asserted

solely against Zeng. Therefore, the federal claims and the state law claims will be resolved against the same Defendant. The other cases cited by Defendants are likewise unpersuasive. *Cf. Supastrip Inc. v. Hindustan Adhesives Ltd.*, No. 3:24-cv-765, 2025 WL 938623, at *3–5 (E.D. Va. Mar. 27, 2025) (declining to exercise supplemental jurisdiction over breach of contract claim where the complaint "is so factually devoid of any non-conclusory factual allegations that tie [the defendant] into any purported theft of [the plaintiff]'s trade secrets"); *Trench Tech Int'l, Inc. v. Tech Con Trenching, Inc.*, No. 4:19-cv-00201, 2020 WL 11772529, at *3–4 (N.D. Tex. Mar. 20, 2020) (dismissing tortious interference with contract claim against two individual defendants where the plaintiff "has not alleged that [the state court d]efendants collaborated with [the] DTSA [d]efendants in any way" nor "has [p]laintiff alleged any causal relationship between the DTSA and tortious interference claims").

In sum, Defendants have failed to demonstrate that the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. This Court will not decline to exercise supplemental jurisdiction over Plaintiffs' state claims simply because they do not require the exact same elements of proof as the federal claim. Here, this Court concludes that all the claims asserted arise from the same set of facts, none of the four situations under § 1367(c) applies, and exercising supplemental jurisdiction will promote judicial economy and procedural convenience.

## IV. CONCLUSION

Based on the foregoing, this Court finds there is diversity jurisdiction over this action and, additionally, because Lupin's state law claims and DTSA claim arise from a common nucleus of operative fact, this Court also has supplemental jurisdiction over the state law claims.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Counts II, IV, and VI for Lack of Subject Matter Jurisdiction [**ECF No. 295**] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 25th day of June, 2025.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of record