UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61621-CIV-DAMIAN/Reid

LUPIN ATLANTIS HOLDINGS SA and
LUPIN INC.,

      Plaintiffs,

v.

XIAN-MING ZENG, *et al.*,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS AXEL PERLWITZ AND WILLIAM SCHACHTNER'S MOTION FOR SUMMARY JUDGMENT ON COUNT VI (BREACH OF FIDUCIARY DUTY) [ECF NO. 201]

**THIS CAUSE** is before the Court on Defendants Axel Perlwitz and William Schachtner's Motion for Summary Judgment on Count VI (Breach of Fiduciary Duty) [ECF No. 201 ("Motion")], filed March 11, 2025.

THE COURT has reviewed the Motion, the unredacted Response and Reply [ECF Nos. 240-2 and 289-6], and the pertinent portions of the record and is otherwise fully advised. The Court also heard argument from the parties, who appeared through counsel, before the undersigned on May 28, 2025. For the reasons set forth on the record, and as further detailed below, the Motion is granted.

## I.    RELEVANT FACTUAL BACKGROUND[1]

This case stems from a dispute between an employer and its former employees. Plaintiffs, Lupin Atlantis Holdings SA and Lupin Inc. (collectively, "Lupin"), operate a

_____

[1] The parties did not file a Joint Statement of Undisputed Facts as required by this Court's Scheduling Order, entered on April 5, 2024. *See* ECF No. 62. The facts relevant to the instant

multinational pharmaceutical company that engages in the research and development of branded and generic pharmaceutical products sold globally. SMF ¶ 1; *see also* First Amended Complaint [ECF No. 31 ("Amended Complaint")] ¶¶ 2, 24.

Defendant Transpire Bio, Inc. ("Transpire") is a pharmaceutical company that develops generic inhalation drug delivery medicines. SMF ¶ 2. Transpire is an indirect subsidiary of non-party Smoore International Holdings Limited ("Smoore"), a global leader in electronic cigarette and vaping manufacturing. Resp. at 2; Am. Compl. ¶ 4. Transpire has several generic and branded products in development, but as of the filing of this lawsuit, had not yet obtained FDA approval for, marketed, or launched any products. SMF ¶¶ 60–66. Transpire was incorporated in Florida on April 30, 2022, as a wholly owned subsidiary of Smoore. *Id.* ¶ 36.

Defendant Dr. Xian-Ming Zeng ("Zeng") is the chief executive officer ("CEO") of Transpire. *Id.* ¶ 3. Defendants Dr. Axel Perlwitz ("Perlwitz") and William Schachtner ("Schachtner") are current Transpire executives. *Id.* All three of these individual Defendants are former employees of Lupin who did not have non-compete agreements with Lupin. *Id.* ¶¶ 3, 59. Lupin hired Zeng in 2013 to launch Lupin's Center of Excellence for Inhalation Research. *Id.* ¶ 18. Schachtner was Lupin's Senior Director of Project and Manufacturing Management, and Perlwitz was Lupin's Senior Director of Regulatory Affairs. *Id.* ¶¶ 41, 44.

---

Motion now before the Court are taken from the following submissions: (1) Defendants' Rule 56.1 Statement of Material Facts (herein, "SMF"), filed under seal [ECF No. 213-1]; (2) Plaintiffs' Opposition to Defendants' SMF, filed under seal [ECF No. 240-1]; and (3) Defendant's Reply SMF, filed under seal [ECF No. 289-10]. While the parties dispute the relevance and materiality of some of the facts contained therein, they agree that they are undisputed, unless otherwise noted. The Court views the facts in the light most favorable to the non-moving party, Plaintiffs, in considering the summary judgment materials. *Chavez v. Mercantil Commercebank, N.A.*, 701 F.3d 896, 899 (11th Cir. 2012).

While employed at Lupin, Zeng oversaw the drug development and FDA approval activities for Lupin's Coral Springs, Florida, inhalation portfolio. *Id.* ¶ 26.

On April 20, 2021, a representative of Smoore contacted Zeng via email regarding a potential collaboration to optimize vaping technology and inhalation medicines. *Id.* ¶ 30. Six months later, Zeng ultimately resigned from Lupin on October 1, 2021, and began working with Smoore. *Id.* ¶ 35. One issue in this case stems from the fact that Zeng's employment agreement with Lupin contained a one-year non-solicitation covenant. *Id.* ¶ 20.

Dr. Mark Lepore ("Lepore"), Transpire's Chief Medical Officer, was employed by Lupin until approximately December 2020. *Id.* ¶ 40. While at Lupin, Lepore was a colleague of Zeng, Perlwitz, and Schachtner. *Id.* In March 2022, Perlwitz and Schachtner each reached out to Lepore to inquire about potential career opportunities. *Id.* ¶¶ 41, 43. Perlwitz emailed Lepore on March 22, 2022, explaining, "I have made the decision that it is time to move on to a new endeavor . . . If you become aware of any leads you may think could be interesting, please do let me know." *Id.* ¶ 43, Ex. 15. Similarly, Schachtner emailed Lepore on March 25, 2022, seeking "other career options to better suit my skills" and asking if Lepore knew of "some company that might have opportunities." *Id.* ¶ 41, Ex. 11. Shortly thereafter, in May 2022, Spectrum Dynamic Research Corp. ("Spectrum"),[2] an affiliate of Smoore, offered Schachtner and Perlwitz employment. SMF ¶¶ 41–44. In July 2022, Schachtner began working at Spectrum as Chief Technical Operations Officer. *Id.* ¶ 42. In May 2022, Perlwitz informed Lupin that he intended to resign on July 1, 2022, but he deferred his resignation and started his employment with Spectrum on October 6, 2022, pursuant to an agreement with Lupin. *Id.* ¶¶ 44, 46–47.

---

[2] Spectrum was later discontinued and its employees moved to Transpire. SMF ¶ 39.

On August 22, 2023, Lupin filed the present action against Zeng, Transpire, Perlwitz, and Schachtner asserting claims for misappropriation of trade secrets under federal and state law against Zeng and Transpire (Counts I and II), conversion against Zeng (Count III), breach of contract against Zeng (Count IV), breach of fiduciary duty against Zeng (Count V), civil conspiracy against all the Defendants (Count VI), and breach of fiduciary duty against Perlwitz and Schachtner (Count VII). [ECF No. 1].

On January 12, 2024, Lupin filed a First Amended Complaint, the operative pleading, asserting eight causes of action: misappropriation of trade secrets under federal and state law against Zeng and Transpire (Counts I and II), breach of contract against Zeng (Count III), breach of fiduciary duty against Zeng (Count IV), civil conspiracy against all the Defendants (Count V), breach of fiduciary duty against Perlwitz and Schachtner (Count VI), aiding and abetting breach of contract against Perlwitz and Schachtner (Count VII), and tortious interference with contractual relationship against Transpire, Perlwitz, and Schachtner (Count VII). [ECF No. 31 ("Amended Complaint")].[3]

In the Motion now before the Court, Defendants Perlwitz and Schachtner seek summary judgment as to the breach of fiduciary duty claim asserted against them in Count VI of the Amended Complaint. The Motion is fully briefed and ripe for adjudication. The undersigned also heard argument from the parties, who appeared through counsel before the undersigned on May 28, 2025. *See* ECF No. 296.

---

[3] On October 15, 2024, this Court dismissed Count V (civil conspiracy), Count VII (aiding and abetting), and Count VIII (tortious interference) of the Amended Complaint. *See* ECF No. 121.

4

## II.   LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* In reviewing a motion for summary judgment, the Court is "required to view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1247 (11th Cir. 2013) (quoting *Skop v. City of Atlanta*, 485 F.3d 1130, 1143 (11th Cir. 2007)). Importantly, "at the summary judgment stage the judge's function is not himself [or herself] to weigh the evidence and determine the truth of the matter," but only "to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings but must show by affidavits, depositions, answers to interrogatories, and admissions that specific facts exist demonstrating a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A mere "scintilla" of evidence supporting the opposing party's position will not suffice; instead, there must be a sufficient showing that the jury could reasonably find for that party. *Anderson*, 477 U.S. at 252; *see also Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

"An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Burgos v. Chertoff*, 274 F. App'x 839, 841 (11th Cir. 2008) (quoting *Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997)

(internal quotation marks omitted)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non[-]moving party.'" *Channa Imps., Inc. v. Hybur, Ltd.*, No. 07-21516-CIV, 2008 WL 2914977, at *2 (S.D. Fla. Jul. 25, 2008) (quoting *Anderson*, 477 U.S. at 248). Further, "[f]or factual issues to be considered genuine, they must have a real basis in the record. For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (citation omitted).

## III.   DISCUSSION

In Count VI of the Amended Complaint, Lupin alleges that Perlwitz and Schachtner breached their fiduciary duties owed to Lupin by (1) "co-founding a competing business [Transpire] while employed by Lupin" and (2) "facilitating Zeng's misappropriation of Lupin's confidential information and trade secrets and Transpire's use of the same." Am. Compl. ¶¶ 151, 152.

In their Motion, Perlwitz and Schachtner argue they are entitled to summary judgment for three reasons: (1) the duty of loyalty does not prevent legitimate competition or preparation to compete; (2) they were not co-founders of Transpire despite an erroneous website posting, but, instead, they were among Transpire's first hires; and (3) Lupin cannot establish damages resulting from their alleged breaches of fiduciary duties. Mot. at 1–2. Perlwitz and Schachtner contend that, at best, they engaged in mere preparation to compete, which cannot support a breach of fiduciary duty claim. *Id.* at 2.

In Response, Lupin argues that Perlwitz and Schachtner were "integral to Defendants' attack on Lupin's business." Resp. at 5. Lupin contends that a reasonable jury, making all inferences in Lupin's favor, could find that Perlwitz and Schachtner breached their fiduciary

6

duties to Lupin by founding Transpire, a competing business, while employed at Lupin. *Id.* Lupin also argues that actual damages are not an element of a breach of fiduciary duty claim because parties can receive nominal damages. *Id.* at 6. The parties' arguments are addressed in turn.

### A. Whether Defendants Perlwitz And Schachtner Breached Any Duty Of Loyalty To Lupin.

A claim for breach of fiduciary duty requires (1) the existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach." *Treco Int'l S.A. v. Kromka*, 706 F. Supp. 2d 1283, 1288 (S.D. Fla. 2010) (King, J.). "The duty of loyalty is part of a fiduciary duty, and a breach of a duty of loyalty gives rise to a breach of fiduciary duty claim." *Valiant Servs. Grp., LLC v. Commercial Works, Inc.*, No. 6:21-cv-1239, 2022 WL 738471, at *1 n.2 (M.D. Fla. Jan. 24, 2022) (citations omitted). Florida law recognizes a duty of loyalty to an employer. *See Fish v. Adams*, 401 So. 2d 843, 845 (Fla. 5th DCA 1981). Notably, the duty of loyalty does not immunize an employer from any and all competition from employees indefinitely. *See Fin. Info. Techs., Inc. v. iControl Sys., USA, LLC*, No. 8:17-cv-190, 2018 WL 4771060, *2 (M.D. Fla. Oct. 3, 2018). "Generally, absent a noncompete agreement, an employee does not run afoul of this duty by planning to open a competing business or by proceeding to compete with the previous employer through the rival company after terminating his or her employment." *Optio Rx, LLC v. Crestview City Pharmacy, Inc.*, No. 3:23-cv-08993, 2023 WL 11762870, at *4 (N.D. Fla. June 16, 2023) (citations omitted). Therefore, acts consisting of mere preparation to open a competing business ordinarily are not an actionable breach of the duty of loyalty. *See Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1134, 1149 (M.D. Fla. 2007). However, an "employee may not engage in disloyal acts in anticipation of his future competition, such as . . . soliciting customers and other

employees prior to the end of his employment." *Fish*, 401 So. 2d at 845; *see also Terry Roberts Site Work, Inc. v. Unemployment Appeals Comm'n*, 908 So. 2d 592, 593 (Fla. 5th DCA 2005) ("An employer has a right to expect that his or her employee will not solicit fellow employees on the job to join the employee's competing business venture.").

### 1. No Reasonable Juror Could Find That Defendants Perlwitz And Schachtner Were Co-Founders of Transpire.

Lupin alleges that Perlwitz and Schachtner breached their duties of loyalty by "co-founding a competing business while employed by Lupin." Am. Compl. ¶ 151. Lupin argues that in March 2022, shortly after Transpire was formed, Zeng, Perlwitz, and Schachtner met at a cigar bar with a group of senior Lupin employees and that during that meeting, Zeng discussed his new company, Transpire, and indicated to them all that it "would be great" for all of them to work together. Resp. at 8. Lupin claims that after the cigar bar meeting, Perlwitz and Schachtner took up Zeng on his offer and reached out to Transpire about job opportunities. *Id.*

Perlwitz and Schachtner argue that Lupin's sole basis for the allegation that they were founders of Transpire was that "Transpire's website originally represented that Zeng, Perlwitz, and Schachtner were cofounders of Transpire." Am. Compl. ¶ 75. However, as Lupin acknowledges in the Amended Complaint, Transpire later amended the website to remove the cofounder titles "after Defendants received notice of Lupin's claims." *Id.* Perlwitz and Schachtner aver that despite the erroneous statement that appeared on Transpire's website for a short time, they are not "cofounders" of Transpire and that Lupin has not offered any evidence to the contrary. *See* Mot. at 9–10. Perlwitz and Schachtner argue that, now that discovery is closed, it is clear that they did not "co-found" Transpire, and there is no evidence

on which Lupin can establish any other actual competition by them while they were employed at Lupin that could possibly support a claim for breach of fiduciary duty. *Id.* at 8.

As stated on the record at the hearing, the undersigned agrees that the evidence leaves no doubt that Defendants Perlwitz and Schachtner did not "co-found" Transpire. There is no genuine dispute of material fact that Transpire's website posting indicating otherwise was a mistake. And even if they had participated in forming a competing business as alleged by Lupin, Lupin still has not pointed to any evidence that Perlwitz and Schachtner engaged in any activity that directly undermined Lupin's business interests. *See OPS Int'l, Inc. v. Ekeanyanwu*, 672 F. Supp. 3d 1228, 1236 (M.D. Fla. 2023) (quoting *Nat'l R.R. Passenger Corp. v. Veolia Transp. Servs., Inc.*, 791 F. Supp. 2d 33, 49 (D.D.C. 2011)) for the proposition that, in comparison to mere preparation to compete, "[a]cts that . . . constitute actual competition include solicitation of business for an employee's personal endeavor, which otherwise the employee had an obligation to obtain for an employer, competing with the employer for customers or employees, and employee behavior leading to the mass resignation of the employer's workforce."); *Optio Rx*, 2023 WL 11762870, at *4 ("[A]n 'employee may not engage in disloyal acts in anticipation of his future competition, such as . . . soliciting customers and other employees prior to the end of his employment.'" (quoting *Fish*, 401 So. 2d at 845)).

Moreover, Perlwitz and Schachtner's desire to resign from Lupin and seek employment with a competing business is not sufficient to support a claim for breach of fiduciary duty. *See Centennial Bank v. Servisfirst Bank Inc.*, No. 8:16-cv-88-T-36JSS, 2016 WL 6037539, *4 (M.D. Fla. Oct. 14, 2016) (allegations that defendant "'carefully plann[ed] relocation for himself and his immediate executive teammates,'" could not support a claim

for breach of fiduciary duty because "[i]n sum," plaintiff alleged only that defendant "was planning to compete with [plaintiff], which does not state a plausible claim for breach of fiduciary duty").

This Court finds that Lupin has not come forward with evidence demonstrating that Perlwitz and Schachtner were co-founders of Transpire nor that they engaged in any disloyal acts, such as solicitation of Lupin's employees or prospective customers, as opposed to mere preparation to compete by seeking other career opportunities with a competing business.

> **2. Lupin Has Not Come Forward With Evidence That Defendants Perlwitz And Schachtner Actively Competed With Lupin Or Otherwise Engaged In Conduct That Was Detrimental To Lupin's Business During Their Employment.**

Perlwitz and Schachtner also argue that Lupin can point to no other evidence of "actual competition" by them (versus mere preparation to compete) while they were employed at Lupin that could possibly support a claim for breach of fiduciary duty. In Response, Lupin argues that before Perlwitz left Lupin, he began working for Transpire by reviewing and providing comments on a product application that Transpire was preparing for submission.[4] Resp. at 9. As Defendants Perlwitz and Schachtner point out, Lupin does not argue that Schachtner performed any work at all for Transpire while he was still employed at Lupin. Reply at 8. And as to Perlwitz's alleged conduct, they argue Perlwitz did not breach any fiduciary duty owed to Lupin by reviewing a product application for Transpire for a non-competing product while he was still employed at Lupin. Perlwitz and Schachtner assert that the application Perlwitz reviewed involved a product Lupin is not developing and which has no relation to any of the products Lupin has identified as trade secrets. *Id.* In other words,

---

[4] Further details of Transpire's product application were provided in redacted documents submitted to the Court.

Lupin has not come forward with any evidence that it was developing any related or competing product or that Perlwitz's review of Transpire's product application was in any way detrimental to Lupin's business interests. Reply at 8–9.

As stated on the record at the hearing, the undersigned agrees that Perlwitz's conduct, alleged by Lupin, neither constitutes actual competition nor demonstrates that Perlwitz was disloyal to Lupin during his employment. *See OPS Int'l, Inc.*, 672 F. Supp. 3d at 1238 ("'[A] breach of duty' occurs when an agent 'engages in a transaction which tends to bring his personal interest into conflict with his obligations as a fiduciary agent,' particularly when 'the agent derives profits from transactions which operate directly to the prejudice of his master's business.'") (quoting *Connelly v. Special Rd. & Bridge Dist. No. 5*, 99 Fla. 456, 466 (1930)); *see also Hennegan Co. v. Arriola*, 855 F. Supp. 2d 1354, 1362 (S.D. Fla. 2012) (King, J.) (granting judgment in favor of defendant on claim for breach of the fiduciary duty of loyalty because "the law is clear" that although an employee cannot usurp an employer's business opportunity for itself, he is free, to "'engag[e] in another business enterprise similar to but separate from the fiduciary beneficiary if he is in good faith and refrains from interference with the business of the beneficiary'" (citation omitted)).

As noted above, in the Amended Complaint, Lupin alleges that Perlwitz and Schachtner breached their fiduciary duties to Lupin by "facilitating Zeng's misappropriation of Lupin's confidential information and trade secrets and Transpire's use of the same." Am. Compl. ¶ 152. The undersigned notes that Lupin does not specifically address *how* Perlwitz and Schachtner "facilitated" Zeng's misappropriation of Lupin's confidential information and trade secrets in the Response to the Motion now before the Court. Instead, Lupin argues that Perlwitz took thousands of Lupin's confidential documents with him and used them at

Transpire. Resp. at 9. In their Reply, Perlwitz and Schachtner point out that Lupin cannot create a genuine dispute of material fact as to Count VI based on alleged misappropriation of confidential information because Lupin's claim for breach of fiduciary duty against Perlwitz and Schachtner is limited to the factual allegations concerning their alleged "co-founding" of Transpire. Reply at 2. The undersigned agrees and Lupin acknowledges that Perlwitz and Schachtner's alleged theft of Lupin's confidential information is "not the basis for Lupin's claim" against them. Resp. at 8 n.2. Therefore, Lupin cannot rely on such allegations (or evidence) now to defeat summary judgment as to Count VI. *See Lucas v. City of Delray Beach*, 692 F. Supp. 3d 1271, 1292 (S.D. Fla. 2023) (Altman, J.) ("The prohibition against amending a complaint through a summary-judgment response applies even when the plaintiff's new allegations are merely 'additional evidence rather than additional claims.'") (quoting *Mitchell v. Pilgrim's Pride Corp.*, 817 App'x 701, 708 (11th Cir. 2020)).

Viewing all the evidence in the light most favorable to Lupin, this Court finds there is no genuine dispute of material fact as to whether Perlwitz and Schachtner were co-founders of Transpire or whether they actively competed with Lupin during their employment or otherwise engaged in any conduct that had a detrimental effect on Lupin's business to support its claim for breach of fiduciary duty. Therefore, Perlwitz and Schachtner's Motion for Summary Judgment is due to be granted as to Count VI.

### B. Damages.

Perlwitz and Schachtner also contend they are entitled to summary judgment because Lupin failed to identify any damages theory or to offer any expert opinion concerning damages purportedly flowing from their alleged breaches of fiduciary duty. Mot. at 12. However, this Court need not reach this issue because Lupin has not come forward with

evidence to create a genuine dispute of material fact concerning whether Perlwitz and Schachtner breached any duty of loyalty to Lupin during their employment.

### IV.    CONCLUSION

In sum, viewing the evidence in the light most favorable to Lupin, this Court finds Lupin has failed to present sufficient evidence to create a genuine dispute as to whether Perlwitz and Schachtner were co-founders of Transpire or whether they engaged in any active competition while employed at Lupin that could support a claim for breach of fiduciary duty against them.

Accordingly, for the reasons set forth above and on the record during the May 28, 2025 hearing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.  Defendants Perlwitz and Schachtner's Motion for Summary Judgment **[ECF No. 201]** is **GRANTED**.

2.  Plaintiffs' claims in Count VI against Defendants Axel Perlwitz and William Schachtner are **DISMISSED**.

3.  Final Judgment in Perlwitz and Schachtner's favor and against Lupin as to Count VI will be entered by separate order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 20th day of October, 2025.

MELISSA DAMIAN
**UNITED STATES DISTRICT JUDGE**

cc:    Counsel of record